PHILLIP A. TALBERT
United States Attorney
DENISE N. YASINOW
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO LUIS MILLAN,<br><br>Defendant. | CASE NO. 2:22-CR-00149-KJM<br><br>STIPULATION AND PROTECTIVE ORDER |

WHEREAS, the government desires to prevent the unauthorized disclosure or dissemination of certain discovery that contains personal identifying information ("PII") of a victim or non-law enforcement witness to anyone not a party to the court proceedings in this matter;

WHEREAS, the discovery materials at issue include information pertaining to minor victims in this case, including personal identifying information such as full names, addresses, phone numbers, and birthdates;

WHEREAS, such personal identifying information shall be subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs/DVDs) themselves or in an accompanying cover letter;

WHEREAS, the government submits that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case; and

Stipulation & Protective Order            1

WHEREAS, the defendant has counsel ("Defense Counsel") who wishes the opportunity to review the unredacted discovery;

Defendant and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery containing PII of victims and non-law enforcement witnesses as defined by E.D. Cal. Local Rule 140(a) (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, investigators, or other Federal Defender Office staff involved in the representation of her client (hereinafter "Defense Team"). At no time shall the defendant be permitted to review the protected discovery outside of the presence of a member of the Defense Team. If the defendant is being held in custody, Defense Counsel shall not leave any of the protected discovery with the defendant at the jail or other institution where the defendant is being held.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case, unless counsel believes he or she is otherwise required by ethical rule or opinion to retain the protected discovery. If counsel believes they are subject to an ethical rule or opinion requiring retention of the protected discovery, they will securely maintain that protected discovery consistent with the remaining terms of the Protective Order.

5. Defense Counsel will store the protected discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients

with copies of this Order.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order, unless the Court orders otherwise.

8. Defense Counsel shall be responsible for advising her client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: August 22, 2022                    Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *Denise N. Yasinow*
DENISE N. YASINOW
Assistant U.S. Attorney


By:  /s/ *Christina Sinha*
CHRISTINA SINHA
Counsel for Pedro Luis Millan

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: August 22, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE